CUTLER ET AL VS TULLY ET AL.

Opinion delivered October 19, 1904.

1. *U. S. Marshals—Indemnifying Bonds—Right of Action On—Parties Amendment.*

Where an action is brought by the Marshall's custodians in an attachment case, against the sureties on an indemnifying bond, for custodian's fees, and amended by making the Marshall a party, the suit, if maintainable at all, might be brought by the custodians separately or in connection with the marshall and the amendment was proper under Mansf. Dig. Secs. 4933-4936 (Ind. Ter. Stat. 3138-3141).

2. *Attachment—Indemnifying Bond—Security for Costs.*

Under the statute providing for attachment, the Marshall cannot demand any indemnity beyond the attachment bond but under Sec. 3250 Mansf. Dig. (2234 Ind. Ter. Stat.) he may demand payment of his fees or security there for in advance of the levy.

3. *Attachment—Indemnifying Bond—Does not Cover Fees and Costs.*

Where, before levying an attachment, the Marshall requires and is furnished an indemnifying bond conditioned to protect him and his deputies from any actions costs, charges, damages and expenses the same only secures him from claims by third persons and does not bind the party giving it for the costs of the action or the marshal's custodians' fees.

RAYMOND, C. J. dissenting.

Appeal from the United States Court for the Northern District.

W. M. SPRINGER, Judge.

Action by Charles H. Tully and another against K. R. Cutler and another. Judgment for plaintiffs. Defendants appeal. Reversed.

In January, 1892, one K. R. Cutler brought an attachment suit in the United States Court in the Indian Territory, at Muskogee, Ind. Ter., and placed his writ of attachment in the hands of Thomas B. Needles, who was the United States marshal for the Indian Territory, for service. It was at that time a rule of said marshal's office not to serve any writ of attachment until plaintiff furnished an indemnifying bond covering, substantially, the provisions of the bond sued on in this case. Such bond was demanded in this case by the marshal, and the same was executed by the said Cutler and delivered to the marshal, who executed the same by seizing a certain stock of goods, who placed one C. H. Tully in charge of the same as custodian. Said Tully employed one A. L. Kite to assist in caring for the goods. Tully and Kite afterwards procured an order of court allowing them $388 as custodian's fees for their services. The attachment suit of K. R. Cutler against Pilott Grayson was afterwards decided adversely to the plaintiff, Cutler. On October 28, 1896, Tully and Kite instituted this suit in their own name to recover from F. B. Severs, as surety upon the said indemnifying bond of K. R. Cutler, the amount allowed them for custodian's fees and interest. Afterwards, on September 26, 1898, an amended complaint was filed in the case in the name of Thomas B. Needles, as United States marshal, for the use and benefit of said Tully and Kite. The court overruled the objection of defendants to the filing of the amended complaint and their plea to the jurisdiction of the court and the demurrer of appellant Severs to the amended complaint, and found against the said Cutler and Severs on their special plea in bar set up to the complaint that the bond was extorted by the marshal, and proceeded to give judgment for the

appellees against the appellant Severs for the amount allowed them as custodian's fees, with interest and costs. Motion for new trial of this special plea was filed and overruled by the court before the entry of judgment. The indemnifying bond given by the appellant, as surety, reads as follows:

"Know All Men By These Presents, that we, K. R. Cutler and F. B. Severs, are held and firmly bound unto Thomas B. Needles, Marshal for the United States Court in the Indian Territory, and to his successors in office, executors, administrators and assigns in the penal sum of Three Thousand Dollars, lawful money of the United States, for the payment of which sum, well and truly to be made, we do hereby jointly and severally bind ourselves, our heirs, executors and administrators.

"The conditions of this obligation is such, That whereas, on the 21st day of January, Eighteen Hundred and Ninety-two, there issued from the United States Court in the Indian Territory, First Judicial Division, a certain writ of attachment, in favor of K. R. Cutler, plaintiff, and against Pilott Grayson, et al. defendants, directed to the Marshal of the said Court, to execute; and, whereas, the said Thomas B. Needles, Marshal as aforesaid, at the instance of the said K. R. Cutler, is about to execute said writ by levying upon and taking as the property of said defendant, Pilott Grayson, liable to execution and attachment the following described property: One stock of general merchandise as described in the complaint filed herein.

"Now, the said plaintiff, K. R. Cutler, shall and do from time to time and at all times hereafter, defend, keep harmless and indemnified, the said Thomas B. Needles, Marshal, his heirs, executors and administrators, and also his deputies, and also all other persons acting with, under or by instruction of him, the said Marshal, or his deputies, and all and every one of them, of

and from all actions, suits, costs, charges, and damages and expenses whatsoever (including attorney's fees), which shall or may at any time hereafter come to them or either of them, for or by reason of the execution of said writ as aforesaid and the retaining possession of and selling the said property under said writ or other process hereafter to issue, or by reason of assisting in such execution, or selling; also to pay to any claimant of the property the damages which he may sustain in consequence of such seizure or sale, and to warrant to any purchaser of the property under execution or levy such estate or interest in the property as may be sold, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals, this 21st day of January, Eighteen Hundred and Ninety-two.

"(Signed)          ·          K. R. CUTLER, by          (SEAL).

"PASCO & HARRISON, his Attys.          (SEAL).

"F. B. SEVERS.          (SEAL)."

*William T. Hutchings* and *Preston C. West*, for appellants.

*Thomas A. Sanson, Jr.*, for appellees.

GILL, J.    The first specification of error is:  "(1)    The court erred in permitting the filing of the amended complaint over the objection of the defendants, because the parties in whose names the suit was originally brought had no cause of action upon the bond sued on."    This is not tenable, provided the marshal himself had a cause of action.

As to the second specification of error, that "the court erred in taking jurisdiction of the amended complaint, because

the same was by a new party plaintiff and for a new cause of action, and the original parties plaintiff had no cause of action upon the bond sued on, and in overruling appellant's plea to the jurisdiction," in like manner we do not deem this tenable provided the marshal himself had a cause of action. The custody of these goods were at all times in the hands of the United States marshal, through his custodians, and if appellant is liable to the United States marshal for the costs on his indemnity he is likewise liable to the marshal's custodians. The custodians might pursue their action separately or in connection with the marshal, and there was no error on the part of the court in permitting the amendment making the marshal a party under sections 4933 and 4936 of Mansfield's Digest (Ind. Ter. St. 1899, §§ 3138, 3141).

In the third specification of error appellant insists that the court erred in overruling his demurrer to the amended complaint on three grounds: "(a) Because the bond sued on was not a bond as is provided for by any law in force in the Indian Territory at the time of its execution. (b) Because the bond sued on was intended solely as an indemnity to the marshal, and not for any other purpose. (c) Because the complaint does not show that the United States marshal for the Indian Territory has ever been damnified." We will consider these three objections together. So far as our investigation goes, or our attention is directed, the only provision for an indemnifying bond provided by Mansfield's Digest is found under the head of "Executions," sections 3021-3023 (Ind. Ter. St. 1899, §§ 2136-2138). There is no provision for an indemnifying bond under the head of attachments in any way. The statute provides for an attachment bond, which is ample to protect the defendant in the action against any damage he may suffer, or to protect claimants to the property attached. If the affidavit be given, it becomes the duty of the sheriff or marshal to levy the same without delay, and the statute further provides for the disposition of such attached property,

and the sheriff or marshal would have no right to demand any indemnity whatever beyond the attachment bond for any person. But it is contended by appellee that the sheriff or marshal would have a right to demand his fees in advance before executing such writ of attachment, and that the right to demand fees in advance carries with it the right to demand security for such fees and costs. An examination of the statute with reference to fees, namely, Mansf. Dig. § 3250 (Ind. Ter. St. 1899, § 2234), makes good this contention. And it is our opinion that the sheriff or marshal would have the right to refuse to levy any writ or process of any kind or character until his fees were tendered him or secured to him satisfactorily in some way. But in taking the indemnifying bond in question, did the marshal intend to demand security for his fees and costs in levying this attachment? And was the contract of indemnity a contract on the part of the plaintiff and Severs to secure to the marshal, his deputies and assistants, payment of their fees and costs incurred in making the levy and caring for the attached property? That part of the indemnity bond relating to the conditions of the bond, reads as follows: "Now, the said plaintiff, K. R. Cutler, shall and do from time to time and at all times hereafter, defend, keep harmless and indemnified, the said Thomas B. Needles, Marshal, his heirs, executors and administrators, and also his deputies, and also other persons acting with, under or by instruction of him, the said Marshal, or his deputies, and all and every one of them, of and from all actions, suits, costs, charges, and damages and expense whatsoever (including attorney's fees), which shall or may at any time hereafter come to them or either of them, for or by reason of the execution of said writ as aforesaid and the retaining possession of and selling the said property under said writ or other process hereafter to issue, or by reason of assisting in such execution, or selling." Now, certainly, this cannot be reasonably contended to be a security to the marshal for his costs in this action. It is intended to be an indemnifying bond

against suits and claims of third parties against the marshal or any of his deputies or assistants. It so reads, and it can be taken to mean nothing else; and certainly the marshal could not expect under such bond to hold the party giving it for the costs of the action.

We are of opinion that the contentions "b" and "c" are not well taken, and that the contention in specification of error No. 4 is not well taken. Certainly, in our view, specification No. 5 is well taken, and the action of the court in overruling appellant's motion for a new trial and entering judgment for appellees upon this bond was erroneous, and said judgment is hereby ordered reversed and set aside, and this cause remanded to the court below, with directions to said court to sustain appellant's demurrer to the complaint.

CLAYTON and TOWNSEND, JJ., concur.

RAYMOND, C. J., dissents.